UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHEL S. BUFFALOE, *et al.*, | : | |
| | : | Civil Action No.: 12-03295 (ES) |
| Plaintiffs, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| THE CITY OF PLAINFIELD, *et al.*, | : | |
| Defendants. | : | |

SALAS, DISTRICT JUDGE

## I. Introduction

Pending before this Court is Defendant Plainfield Police Department's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. No. 11, Notice of Motion to Dismiss in Lieu of Responsive Pleading ("Def. Mot.")). Plaintiffs Shel S. Buffaloe, Taurien Buffaloe, and Lamar-Rashad Cooper ("Plaintiffs") filed no opposition. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367. Having considered the Plainfield Police Department's papers, the Court **GRANTS** this motion. The Court also dismisses *sua sponte* all claims against Defendants South Plainfield Police Department and Scotch Plains Police Department.

## II. Factual and Procedural Background

This matter stems from an incident that occurred on June 5, 2010. (D.E. No. 1, Complaint & Jury Demand ("Compl.") ¶ 37). Following the events that transpired on said date, Plaintiffs Shel and Taurien Buffaloe were arrested and charged with Obstruction of the Administration of Law, in violation of N.J.S.A. 2C:29-1A. (Compl. ¶¶ 37-40). On the same evening, Plaintiff Lamar-Rashad Cooper was arrested and charged with Obstruction of the

1

Administration of Law and Resisting Arrest, in violation of N.J.S.A. 2C:29-1A. (*Id*. ¶ 40). The charge against Shel Buffaloe was dismissed. (*Id*. ¶ 41). Taurien Buffaloe and Lamar-Rashad Cooper were tried in Plainfield Municipal Court and found not guilty. (*Id.*).

Thereafter, Plaintiffs filed this action, alleging constitutional law claims pursuant to 42 U.S.C. § 1983 and pendent state law claims against twenty defendants, including the City of Plainfield, the Township of Scotch Plains; the Borough of South Plainfield; and the Plainfield, Scotch Plains and South Plainfield Police Departments. (Compl. ¶ 33). Plaintiffs allege the following ten counts: several violations under 42 U.S.C. § 1983, including false arrest and false imprisonment (count one); malicious prosecution (count two); unlawful seizure/false arrest (count three); abuse of process (count four); unlawful custom, practice, policy (count five); failure to intervene (count six); and individual supervisory liability (count seven); and pendent state law claims including common law negligence (count eight); common law intentional infliction of emotional distress (count nine); and assault (count ten). (*Id.* ¶¶ 43-103). Because this opinion addresses the claims asserted against the police departments only, this Court notes that counts one through six and count eight were asserted against the police departments. (*Id*).

## III. Discussion

### a. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The moving party has the

burden to demonstrate that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). But, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

Additionally, "[t]he district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). While *sua sponte* dismissals are generally disfavored when the plaintiff is not afforded an opportunity to respond, "a *sua sponte* dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile." *Bethea v. Nation of Islam*, 248 F. App'x. 331, 333 (3d Cir. 2007).

    b.    **Analysis**

        i.    **Claims Against the Plainfield Police Department**

Plaintiffs alleged six constitutional claims under § 1983, (Compl. ¶¶ 43-84), and a common law negligence claim, (Compl. ¶¶ 90-98), against the Plainfield Police Department. The Plainfield Police Department argues that all of Plaintiffs' claims against them must be dismissed because the Plainfield Police Department and the City of Plainfield cannot both be sued. (D.E. No. 11-4, Def. Br. in Support of Notice of Mot. to Dismiss In Lieu of Responsive Pleading ("Def. Br.") 3-4).

The Court agrees with the Plainfield Police Department. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*,

166 F. Supp. 2d 255, 264 (E. D. Pa. 2001)); *Linden v. Spagnola*, No. 99-2342, 2002 WL 1625414, at *6 (D.N.J. Jun. 27, 2002). Additionally, Plaintiff's negligence claim must also be dismissed against the Plainfield Police Department. *Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (finding that "state law tort claims alleged against the police department" are not proper because the police department was an "merely an arm of the city"); *see also* N.J.S.A. 40A:14-118 (establishing that police departments are "an executive and enforcement function of municipal government"). Because the Plainfield Police Department is not a separate judicial entity from the City of Plainfield, the Court must grant its Motion to Dismiss.

### ii. Claims Against the Scotch Plains and South Plainfield Police Departments

For the same reason, the Court dismisses *sua sponte* the claims against the Scotch Plains Police Department and the South Plainfield Police Department. The Third Circuit has held that a claim was properly dismissed *sua sponte* where both the police department and city were named as defendants. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (2010) (noting that "a municipal police department is not an entity separate from the municipality."). Here, Plaintiffs had an opportunity to respond to the Plainfield Police Department's Motion to Dismiss, and failed to do so. *See Bethea*, 248 F. App'x at 333 (upholding the District Court's *sua sponte* dismissal despite the Court's failure to provide Plaintiff "with an opportunity to be heard regarding the possibility of dismissal" because Plaintiff had the opportunity to amend his complaint). Because this Court has already concluded that a police department is not a separate judicial entity from a municipality, Plaintiffs cannot prevail against any of the remaining two police departments.

4

**IV.    Conclusion**

For these reasons, the Plainfield Police Department's Motion to Dismiss is **GRANTED**. The Court also dismisses *sua sponte* the claims against the Scotch Plains Police Department and the South Plainfield Police Department.

<u>*s/Esther Salas*</u>
**Esther Salas, U.S.D.J.**